**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ORTHOPEDIC INNOVATIONS INC., ) ) Plaintiff, ) ) v. ) ) MEDACTA USA, INC. ) ) Defendant. ) | **C.A. No.** **JURY DEMANDED** |

# COMPLAINT

Plaintiff Orthopedic Innovations Inc. ("Orthopedic") complains of Defendant Medacta USA, Inc. ("Medacta") as follows:

## JURISDICTION AND VENUE

1. Title 28 of the United States Code Section 1338(a) confers subject matter jurisdiction on this Court because Defendant has infringed Plaintiff's patent. The Patent Act of 1952, as amended, 35 U.S.C. § 271, *et seq.*, makes patent infringement actionable through a private cause of action.

2. Defendant has transacted business in the State of Delaware, and in this judicial district by making, using, selling, or offering to sell and providing technology and services that violate Orthopedic's patent. For example, Defendant offers its GMK Primary LBS Surgical Technique and MyKnee LBS Surgical Technique to potential patients in Delaware, and allows those potential patients in Delaware to search for surgeons nearest to their zip code. Defendant is also incorporated in Delaware. Accordingly, this Court has personal jurisdiction over Defendant.

3. Venue is proper in the District of Delaware under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b).

## PARTIES

4. Orthopedic is a Delaware corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093. Orthopedic is a subsidiary of Wi-

LAN Technologies Inc. Orthopedic is the assignee of and owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 6,575,980 ("the '980 Patent"), entitled Method and Apparatus For Femoral Resection. The '980 Patent issued June 10, 2003. The `980 Patent is attached as Exhibit A.

5.  Defendant is a Delaware corporation with its principal place of business at 1556 West Carroll Avenue, Chicago, Illinois 60607. Defendant has previously and is presently making, using, selling, offering for sale, and/or importing into the United States knee replacement surgical techniques and products that infringe one or more claims of the '980 Patent. Defendant has infringed the '980 Patent through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## BACKGROUND

6.  Orthopedic is the owner of patent rights, which cover commercially significant technologies related to a gap checking method and apparatus for shaping a femur preparatory to implanting a knee prosthesis. The '980 Patent, for example, covers "checking the gap" prior to resecting the distal end of a patient's femur before implanting a knee prosthesis.

7.  The inventors of the '980 Patent are Dr. Bruce Robie, Jordan Ryalls, Joseph Lipman, Dr. Albert H. Burstein, and Dr. Thomas P. Sculco. Among them they have over 100 years of biomedical engineering experience and over 40 issued patents in total. Dr. Sculco is a Professor of Orthopedic Surgery at Weill Cornell Medical College of Cornell University. Dr. Burstein was a Professor at Cornell Medical College of Cornell University from 1978 through 1996.

8.  Defendant designs, manufactures, and sells surgical techniques and products that involve applying a gap checking device to the distal end of the femur prior to resection, checking the gap, and shaping the distal end of the femur so as to receive a femoral component of a knee prosthesis after the gap has been checked. These techniques and related products infringe the '980 Patent.

9. On December 8, 2014, Orthopedic's attorneys, on behalf of Orthopedic, sent a Notice of Infringement to Defendant, informing Defendant of its infringement of at least claim 12 of the '980 Patent through its GMK Primary LBS Surgical Technique and MyKnee LBS Surgical Technique. The Notice of Infringement included an infringement claim chart (for each product) for the '980 Patent, and a license offer to abate Defendant's infringement.

10. On January 7, 2015, Defendant responded, indicating that after its internal analysis it would send its formal response by the end of the month. On January 30, 2015, Defendant sent a letter to an attorney for Orthopedic, indicating that their review was not yet complete and would require an additional three weeks to respond. On February 26, 2015, Defendant indicated that it was finalizing its review regarding Orthopedic's patents, asking if Orthopedic would forward proposed licensing terms. Defendant has not yet presented the results of its formal review. Defendant never indicated in their correspondence that their products did not infringe, or that the '980 Patent was invalid. Therefore, Defendant's continued infringement has been reckless, without objective basis, and willful.

## PATENT INFRINGEMENT

11. Defendant has infringed and continues to infringe at least claim 12 of the '980 Patent in violation of 35 U.S.C. § 271 through, among other activities, making, using (for example by testing), offering to sell, and/or selling the GMK Primary LBS Surgical Technique and MyKnee LBS Surgical Technique. Defendant has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users and/or business partners in this judicial district and throughout the United States). Defendant has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C § 271(c), by among other things providing the above-mentioned products, which are not staple articles or commodities of commerce capable of substantial non-infringing use.

12. Defendant's infringing technology and services include without limitation Defendant's knee replacement surgical techniques and products, including, for example, the GMK Primary LBS Surgical Technique, MyKnee LBS Surgical Technique and other knee replacement surgical techniques. Defendant's infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Defendant.

13. On information and belief, Defendant offers to sell and sells its knee replacement surgical techniques and products, which results in significant sales for Defendant.

14. Defendant's customers (including hospitals and independent health care providers) directly infringe the '980 Patent when using Defendant's knee replacement surgical techniques, including the GMK Primary LBS Surgical Technique, MyKnee LBS Surgical Technique and other surgical techniques and products. Each of Defendant's customers that purchase these techniques is a third-party direct infringer. When one such third-party direct infringer uses the above-named techniques, that constitutes an act of direct infringement. Defendant knows that these customer acts constitute infringement, and induces that infringement via, for example, website promotional materials such as https://www.medacta.com/en/usa/medical-professionals/products/knee/gmk-system/gmk-primary# (last visited September 30, 2015), and promotional brochures and user manuals[1].

15. Defendant has known of the '980 Patent at least as early as December 8, 2014, the date Orthopedic's attorneys sent the Notice of Infringement to Defendant on Orthopedic's behalf. On information and belief, Defendant was never given any reason to believe that it did not infringe the '980 Patent. Accordingly, from at least December 8, 2014 onwards, Defendant specifically intended and encouraged its customers to infringe

---

[1]https://www.medacta.com/sites/medacta.com/files/documents/surgical_techniques/GMK%20TO_LBS_992612LBSUS_rev02.pdf (last visited September 30, 2015); https://www.medacta.com/sites/medacta.com/files/documents/leaflets/99.my26.12LBSUS_rev03.pdf(last visited September 30, 2015).

4

the '980 Patent because it knew that its knee replacement surgical techniques were to be used to check the gap prior to resecting the distal end of a patient's femur preparatory to implanting a knee prosthesis, infringing the '980 Patent. Defendant sold the techniques with knowledge that the techniques infringe the '980 Patent. Because Defendant had knowledge of the '980 Patent, Defendant knew that its customers' acts of using Defendant's techniques to check the gap prior to resecting the distal end of a patient's femur preparatory to implanting a knee prosthesis constituted acts of infringement. Defendant thereby has induced and is inducing infringement of the '980 Patent.

16. Defendant has sold, offered to sell, and/or imported a material part of the invention constituting the '980 Patent. Specifically, Defendant has sold and offered to sell knee replacement surgical techniques and equipment used for infringement such as the GMK Primary LBS Surgical Technique and MyKnee LBS Surgical Technique, which are used to check the gap prior to resecting the distal end of a patient's femur preparatory to implanting a knee prosthesis, infringing the '980 Patent. Defendant also imports technology that is used to implement these infringing knee replacement surgical techniques. Since at least as early as December 8, 2014, the date of the Notice of Infringement, Defendant knew that the accused techniques and products were patented, and were especially made, adapted and designed for use in infringement of the '980 Patent. The infringing surgical techniques and their components are not staple articles or commodities of commerce capable of substantial noninfringing use. Defendant thereby has contributorily infringed and is contributorily infringing the '980 Patent.

17. As a direct and proximate consequence of Defendant's contributory infringement and/or inducement to infringe, Orthopedic has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

18. Defendant's infringement, contributory infringement and/or inducement to infringe will continue to injure Orthopedic, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale and/or offer for sale of products or services that come within the scope of the '980 Patent.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Orthopedic demands a trial by jury on all issues presented that can properly be tried to a jury.

## REQUEST FOR RELIEF

THEREFORE, Orthopedic asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

- A. An award of damages adequate to compensate Orthopedic for the infringement that has occurred, together with prejudgment interest from the date infringement began and postjudgment interest;
- B. All other damages permitted by 35 U.S.C. § 284;
- C. A finding that this case is exceptional and an award to Orthopedic of its attorneys' fees and costs as provided by 35 U.S.C. § 285;
- D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '980 Patent; and
- E. Such other and further relief as this Court or a jury may deem proper and just.

| | |
|---|---|
| Dated: October 21, 2015 | Respectfully submitted, |
| | FARNAN LLP |
| Of Counsel: | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| William W. Flachsbart | Michael J. Farnan (Bar No. 5165) |
| Robert P. Greenspoon | 919 N. Market St., 12th Floor |
| Michael R. La Porte | Wilmington, DE 19801 |
| FLACHSBART & GREENSPOON, LLC | (302) 777-0300 |
| 333 North Michigan Avenue, Suite 2700 | (302) 777-0301 |
| Chicago, IL  60601 | bfarnan@farnanlaw.com |
| T:  312-551-9500 | mfarnan@farnanlaw.com |
| F:  312-551-9501 | |
| | **Attorneys for Plaintiff** |
| | **Orthopedic Innovations Inc.** |